PER CURIAM.
We reverse an order revoking probation based on an affidavit filed on September 25, 1997, nine days after appellant was released from prison on September 16, 1997. We find it unnecessary to consider appellant’s argument that the only evidence establishing violation(s) of conditions of probation was hearsay. Assuming for purposes of decision that the proof was adequate to establish violation(s) of probation conditions, we are persuaded that the violations alleged in the present case were not “substantial” within the meaning of Van Wagner v. State, 677 So.2d 314 (Fla. 1st DCA 1996).
On September 19, 1997, appellant reported (within seventy-two hours, as required) to the probation office in Panama City. He was then reportedly told by one probation officer that he was assigned to another probation officer and should come back or call the following Monday (September 22, 1997) for further instructions from the other probation officer, which he failed to do. When he did appear (purportedly in an effort to comply with reporting conditions) on October 2, 1997, he was arrested. There was also some question whether he had spent every night at the address he listed on a form he filled out for the probation authorities.
We reverse both the order of revocation and the sentence on the underlying offense (lewd and lascivious conduct) returning appellant to the custody of the Department of Corrections for an additional fifteen years.
Reversed.
MINER, BENTON, and BROWNING, JJ„ CONCUR.